IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FIDEL PEREZ,

        Plaintiff,

v.                                                         CIV 03-1168 KBM/LAM

FLAGSTAFF HOTEL ASSETS, INC.
d/b/a HOLIDAY INN OF CLOVIS,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

        This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's *Prima Facie* Tort Claim *(Doc. 2)*. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 8, 16.* Having carefully reviewed the parties submissions and relevant authorities, I find the motion is well taken and will be granted.

        Plaintiff was employed by the defendant hotel as a supervisor in its maintenance department. He brings three claims in connection with the termination of his employment: (1) racial/ethnic discrimination under 42 U.S.C. § 1981; (2) breach of an implied contract; and (3) *prima facie* tort. In the instant motion, Defendant seeks dismissal of this final claim brought in Count III on the basis that such a claim can not exist under the facts as alleged in the Complaint. I agree.

        If Plaintiff was terminated because he is Hispanic as alleged, the employer's motivation would be impermissible, and termination on that basis would constitute an illegal act in violation

of the civil rights laws and state a viable wrongful discharge claim.  If an express or implied contract of employment were applicable to Plaintiff,  he would be entitled to continued employment absent "just cause" for termination and a firing in the absence of "just cause"  would constitute "unlawful" conduct of the defendant employer.   Thus, under those scenarios the essential element of a *prima facie* tort – harm resulting from a lawful act – could not be satisfied.

What then about an "employment at will" relationship where the employee is terminated in the absence of either an implied contract of employment or an unlawful discriminatory motivation?  Can a *prima facie* tort survive?  "Although *prima facie tort* can occur in a workplace setting, *see Beavers v. Johnson Controls World Servs., Inc.*, 120 N.M. 343, 901 P.2d 761 (Ct.App.), *cert. denied*, 120 N.M. 68, 898 P.2d 120 (1995), it is unlikely that it was meant to interfere with a company's prerogative to select its employees or independent contractors." *Ewing v. State Farm Mut. Auto. Ins. Co.*, 6 F. Supp. 2d. 1281, 1291 (D.N.M. 1998).  As recently noted by a Tenth Circuit panel,

> New Mexico law does not recognize a claim for *prima facie* tort in employment-at-will situations.  *Aplt.App.*, at 31;  *Ewing v. State Farm Mut. Auto. Ins. Co.*, 6 F. Supp. 2d. 1281, 1291 (D.N.M. 1998);  *see also Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238, 249 (D.N.M. 1992);  *Hill v. Cray Research, Inc.*, 864 F. Supp. 1070, 1079 (D.N.M. 1991);  *Schmitz v. Smentowski*, 109 N.M. 386, 398, 785 P.2d 726, 738 (N.M. 1990).  Appellant's claim can only survive if the court finds that there was a valid contractual relationship.

*Cordova v. P.N.M.*, 72 Fed. Appx. 789, *793,  2003 WL 21758414, **4 (10th Cir. 2003) (unpublished).  This is the case because, as the late District Judge Juan C. Burciaga observed,

> the New Mexico Supreme Court clearly stated that "*prima facie* tort should not be used to evade stringent requirements of other established doctrines of law" and specifically referred with approval

> to the law of Missouri where *prima facie* tort cannot be used to avoid the employment at will doctrine. *Schmitz*, at 398, 785 P.2d at 738, citing *Lundberg*, *supra*. *See also Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo. banc 1985); *Bandag of Springfield*, *Inc., supra* ("If there are categories of legally protectible interests which are now redressed, but inadequately so, the much preferable course is to revise traditional doctrine so as to protect the interest which has gone unprotected.").

*Hill*, 864 F. Supp. 1070, 1079 (D.N.M. 1991). Thus, in New Mexico, "*prima facie* tort is unavailable to remedy the termination of an at-will employee, even where he is terminated for bad cause" or for no cause at all. *See Yeitrakis v. Schering-Plough Corp.*, 804 F.Supp. 238, 249 (D.N.M. 1992). Thus, I agree with Defendant that recognition of a *prima facie* tort here "would carve out an expansive third exception to the at-will doctrine." *Doc. 11* at 2-3. Therefore, the motion to dismiss Count III is well taken.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's *Prima Facie* Tort Claim *(Doc. 2)* is **GRANTED. Count III is hereby dismissed with prejudice.**

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.